IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY MURPHY,  )
 )
      Plaintiff,  )
 )
  v.  )    No. 14 C 7681
 )
CITY OF CHICAGO, et al.,  )
 )
      Defendants.  )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss the claims in Counts III and VI. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff Gregory Murphy (Murphy) alleges that on October 12, 2012, he was walking along a street in Chicago, when an unmarked police car (Car) stopped near him. Murphy claims that plainclothes police officers (Officers) exited the Car with guns drawn and proceeded to search Murphy. Murphy contends that the Officers lacked any reasonable suspicions to warrant such a search. The Officers allegedly placed Murphy in the Car and drove him down the street to the building where Murphy lived (Building). The Officers allegedly then proceeded to search the

1

vestibule area of the Building.  Murphy was then allegedly taken to the police station and subjected to a strip search and was charged with possession of heroin with intent to deliver and possession of heroin with intent to deliver within 1000 feet of a school. According to Murphy, he was acquitted on such charges.  Murphy includes in his complaint a claim brought pursuant to 42 U.S.C. § 1983 (Section 1983) alleging false arrest and detention (Count I), a Section 1983 Fourth Amendment claim based on the alleged strip search (Count II), a Section 1983 Fourth Amendment claim based on the alleged search of the Building (Count III), a Section 1983 *Monell* claim (Count IV), a state law malicious prosecution claim (Count V), a state law conspiracy claim (Count VI), a state law intentional infliction of emotional distress claim (Count VII), a respondeat superior claim (Count VIII), which has been improperly identified in the complaint as "Count IIX," and a claim regarding payment of judgments or settlements (Count IX).  Defendants move to dismiss the claims in Counts III and VI.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly

2

suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' and that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## DISCUSSION

I. Fourth Amendment Search of Building Claims (Count III)

Defendants argue that the Fourth Amendment claims alleged in Count III premised on the search of the Building must be dismissed. The Fourth Amendment affords to individuals "the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,' and subject to 'few exceptions,' it requires officers to obtain a warrant before searching a home." *United States v. Gutierrez*, 760 F.3d 750, 753-54 (7th Cir. 2014)(quoting *Kyllo v. United States*, 533 U.S. 27, 31 (2001)). In the complaint, Murphy alleges that his Fourth Amendment rights were violated by Defendants when they "illegally enter[ed]

3

[Murphy's] property and home. . . ." (Compl. Par. 30). However, Murphy further alleges in the complaint that Murphy lived in a "three-flat building" and that the Officers only "searched the vestibule area." (Compl. Par. 14). While the Fourth Amendment protection of the home "extends to the home's curtilage—the area immediately surrounding and associated with the home," that protection only extends "when an expectation of privacy that society is prepared to consider reasonable is infringed . . or when the government engages in an unlicensed physical intrusion of a constitutionally protected area in order to obtain information. . . ." *Gutierrez*, 760 F.3d at 753-54 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). A common area of a multi-dwelling complex has not been deemed an area where there is an expectation of privacy under the Fourth Amendment. *United States v. Concepcion*, 942 F.2d 1170, 1172 (7th Cir. 1991)(indicating that "it is odd to think of an expectation of 'privacy' in the entrances to a building" since "[t]he vestibule and other common areas are used by postal carriers, custodians, and peddlers" and that the district court was "on solid ground in holding that a tenant has no reasonable expectation of privacy in the common areas of an apartment building"). Plaintiffs, in response to the instant motion, fail to offer any arguments in opposition and agree to the dismissal of the Fourth Amendment claims in Count III. (Ans. Dis. 1, n.1). Therefore, Defendants motion to dismiss the Fourth Amendment claims in Count III is granted. The court also notes that to the extent that Murphy makes references in Count III to the alleged failure of certain officers to intervene to prevent in the search of the vestibule of the Building, any Section 1983 failure-to-intervene claim would

be dismissed as well since the facts alleged in the complaint show that no constitutional deprivation occurred in regard to the search.

II. Conspiracy Claims (Count VI)

Defendants move to dismiss the state law conspiracy claims in Count VI. Under Illinois state law, if a plaintiff bases a state law conspiracy claim on the same tort, which was already separately pled by the plaintiff in the case, the civil conspiracy claim is duplicative. *Patterson v. Dorrough*, 2012 WL 5381328, at *8 (N.D. Ill. 2012)(citing *Tamburo v. Dworkin*, 2010 WL 5476780, at *9 (N.D. Ill. 2010)); *see also Powell v. City of Berwyn*, 2014 WL 4674305, at *15-16 (N.D. Ill. 2014)(stating that under Illinois law, "civil conspiracy is not an independent tort: if a 'plaintiff fails to state an independent cause of action underlying his conspiracy allegations, the claim for conspiracy also fails")(internal quotations omitted)(quoting *Jones v. City of Chi.*, 2011 WL 1898243, at *6 (N.D. Ill. 2011)).

In the instant action, the conspiracy claims are premised on the same underlying alleged facts. In addition, the conspiracy claims are also premised on the same underlying alleged tort. In Count V, Murphy alleges that Defendants arrested him and prosecuted him without probable cause. (Compl. Par. 44). In Count VI, Murphy adds nothing more than that Defendants allegedly conspired to maliciously prosecute him. (Compl. Par. 45-49). The state law conspiracy claim is thus redundant and should be stricken. Murphy also argues that he has a right to plead in the alternative. While that is true, that is not what he has done. He has pled a

redundant claim, not an alternative claim. If there was a conspiracy, as alleged in Count VI of the complaint, Murphy may potentially recover for the alleged tortious action under the malicious prosecution claims in Count V. Murphy also argues that the court should not rule on the redundancy issue until the summary judgment stage. (Ans. 7). However, nothing prohibits a court from addressing the issue at the motion to dismiss stage, and based on the allegations in the complaint in the instant action, a dismissal is warranted at this juncture. Therefore, Defendants' motion to dismiss the conspiracy claims in Count VI is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the claims in Counts III and VI is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 15, 2015